**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Kenneth Tabish,

                      Plaintiff,

                                                Civ. No. 07-2303 (RHK/JSM)
                                                **MEMORANDUM OPINION AND**
                                                **ORDER**

v.

Target Corporation, Huffy Corporation,
Impact Resource Group, Inc., National
Product Services Acquisition Corporation, and
John Does I-X,

                      Defendants.

---

Brian Wojtalewicz, Wojtalewicz Law Firm, Ltd., Appleton, Minnesota, for Plaintiff.

Brian A. Wood, Eric J. Steinhoff, Lind, Jensen, Sullivan & Peterson, P.A., Minneapolis, Minnesota, for Defendant Target Corporation.

Michelle L. Rognlien, Bowman and Brooke LLP, Minneapolis, Minnesota, Frederick M. Erny, Dinsmore & Shohl, LLP, Cincinnati, Ohio, for Defendant Huffy Corporation.

Jessica R. Wymore, Stich, Angell, Kreidler & Dodge, P.A., Minneapolis, Minnesota, for Defendants Impact Resource Group, Inc. and National Product Services Acquisition Corporation.

---

**INTRODUCTION**

      Plaintiff Kenneth Tabish commenced this personal-injury action in Minnesota state court against (among others) Huffy Corporation ("Huffy") and Target Corporation ("Target"), the manufacturer and distributor, respectively, of an allegedly defective bicycle. Target removed the action to this Court on May 15, 2007, asserting diversity jurisdiction.

Tabish now moves to remand, arguing that this action was improperly removed because Target is an in-state Defendant. For the reasons set forth below, the Court will grant Tabish's Motion.

## BACKGROUND

Tabish is a resident of Salt Lake City, Utah. (Compl. ¶ 1.) Target is a Minnesota corporation with its principal place of business in Minneapolis. (Id. ¶ 2.) Huffy and the remaining two Defendants are Ohio corporations with principal places of business in Ohio. (Id. ¶¶ 3-5; Notice of Removal at 2.)

On September 4, 2004, Tabish's friend Joseph DeGrado purchased a Huffy bicycle from Target. (Id. ¶ 7.) Six days later, while in Saltair, Utah, Tabish was riding the bicycle when "the front metal fender and brackets became bound to the rotating tire, causing the front wheel of the bicycle to collapse." (Id. ¶ 8.) As a result, Tabish was thrown from the bicycle, causing him serious injuries. (Id.)

On April 25, 2007, Tabish commenced the instant action in Hennepin County District Court. In his Complaint, Tabish alleges that Defendants were negligent in their design, manufacture, testing, assembly, and/or inspection of the bicycle. He further asserts that Defendants are strictly liable for the bicycle's defects and that Defendants breached implied warranties of fitness and merchantability. (Compl. ¶¶ 9-19.) He seeks damages in an amount "greater than $50,000." (Id. ¶ 20.)

On May 15, 2007, Target removed the action to this Court. In its Notice of Removal (Doc. No. 1), Target asserted that the Court enjoys diversity jurisdiction over this

case because the parties are completely diverse and the amount in controversy exceeds $75,000.[1]  Huffy and the remaining Defendants then filed Consents to Target's removal.  On May 24, 2007, Tabish filed the instant Motion to Remand.

## ANALYSIS

Critical to Tabish's Motion is 28 U.S.C. § 1441(b), which provides:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.  *Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought.*

(emphasis added).  Tabish argues that, because Target is an in-state Defendant, it contravened Section 1441(b) when it removed this action on diversity grounds.  Target concedes that diversity cases involving in-state defendants generally cannot be removed, but it asserts that removal was proper here because it is merely a "nominal" defendant.  The Court disagrees.

In support of its argument, Target relies on Minnesota Statutes Section 544.41, which requires the dismissal of a non-manufacturer defendant in a strict-liability action

---

[1] The basis for Target's assertion that the amount in controversy exceeds $75,000 is not clear, since the Complaint asserts only that Tabish seeks damages "greater than $50,000."  Where a complaint alleges damages under the jurisdictional minimum, "the removing party . . . must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000."  In re Minn. Mutual Life Ins. Co. Sales Practices Litig., 346 F.3d 830, 834 (8th Cir. 2003).  Because Tabish has not challenged Target's assertion that the amount in controversy exceeds $75,000, and because the Court concludes that this case must be remanded for other reasons (as set forth below), it does not reach this issue.

when the defendant exercises no significant control over the design or production of a defective product. Id., subd. 2-3. According to Target, it is entitled to automatic dismissal from this case under Section 544.41 because it merely sold the defective bicycle. As a result, it asserts that it is a "nominal" defendant.[2] (Mem. in Opp'n at 3-10.)

Section 544.41, however, requires the dismissal only of *strict-liability* claims. Id., subd. 2 ("the court shall order the dismissal of a strict liability in tort claim against the . . . defendant"). Here, Tabish has asserted implied-warranty claims in addition to his strict-liability claims. Section 544.41 simply does not mandate the dismissal of those claims.[3]

Moreover, subdivision 2(d) of Section 544.41 provides that a non-manufacturer defendant is not entitled to dismissal when "the manufacturer is unable to satisfy any judgment as determined by the court." That is precisely the case here because Huffy, the manufacturer of the bicycle, filed for bankruptcy on October 20, 2004. (See Huffy Mem. at 2.) See Marcon v. Kmart Corp., 573 N.W.2d 728, 731 (Minn. Ct. App. 1998) (seller of defective product not entitled to dismissal under Section 544.41 where manufacturer of product had filed for bankruptcy before lawsuit was brought); but see Hill v. Ziegler, Inc.,

---

[2] The Court notes that Target's removal of this case from state court is somewhat inconsistent with the notion that it is a "nominal" defendant.

[3] Target also asserts that the implied-warranty claims are subject to dismissal for other reasons (besides Section 544.41). (See Mem. in Opp'n at 8-9.) Simply put, the Court cannot conclude that these claims are subject to dismissal at this juncture, because Target has not shown that Tabish can prove "no set of facts . . . which would entitle him to relief" on his claims. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

CASE 0:07-cv-02303-RHK-JSM   Document 35   Filed 06/26/07   Page 5 of 5

No. C5-95-743, 1995 WL 634996, at *3 (Minn. Ct. App. Oct. 31, 1995). As a result, Target cannot avail itself of the protections of Section 544.41.

Because Target is not entitled to dismissal of the claims against it under Section 544.41, it remains a viable Defendant against whom Tabish may seek relief. Target, therefore, is not a "nominal" party. See Thord v. Amalgamated Transit Union, 305 F.3d 826, 833 (8th Cir. 2002) (nominal defendant is one "against whom no real relief is sought"); Shaw v. Dow Brands, Inc., 994 F.2d 364, 369 (7th Cir. 1993) ("A defendant is nominal if there is no reasonable basis for predicting that it will be held liable."). Hence, Target's removal of this action contravened Section 1441(b), and the case must be remanded.

## CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Plaintiff's Motion to Remand (Doc. No. 7) is **GRANTED** and this action is **REMANDED** to the Hennepin County District Court pursuant to 28 U.S.C. § 1447(c). The Clerk of the Court shall mail to the Clerk of the Hennepin County District Court a certified copy of this Memorandum Opinion and Order.[4]

Dated: June 26, 2007                                s/ Richard H. Kyle
                                                    RICHARD H. KYLE
                                                    United States District Judge

---

[4] The Court notes that Huffy recently filed two Motions to Dismiss (Doc. Nos. 24, 26.). Because the Court remands this case, the state court will resolve those Motions.